IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _3:25-CR-72_ |
| MARCO ANTONIO HERNANDEZ, a/k/a KEVIN, a/k/a KAOZ HOUSTONE; JESUS FELISIANO SANCHEZ, a/k/a JAY, a/k/a BIG HOMIE; WYATT MCKINLEY LAHREN; EDUARDO PALACIOS; ARTURO JIMENEZ, a/k/a MUNCHIES; ADAM JON DUBORD; and CHRISTOPHER RYAN WAGNER | Violations:  21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii), and 846; and 18 U.S.C. §§ 924(c)(1)(A), 1956(h), and 2 |

## COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about January 2024 through the date of this Indictment, in the Districts

of North Dakota, Minnesota, Southern Texas, Kansas, Western Missouri, and elsewhere,

MARCO ANTONIO HERNANDEZ, a/k/a KEVIN, a/k/a KAOZ HOUSTONE;
JESUS FELISIANO SANCHEZ, a/k/a JAY, a/k/a BIG HOMIE;
WYATT MCKINLEY LAHREN;
EDUARDO PALACIOS;
ARTURO JIMENEZ, a/k/a MUNCHIES;
ADAM JON DUBORD; and
CHRISTOPHER RYAN WAGNER

did knowingly and intentionally combine, conspire, confederate, and agree together and

with others, both known and unknown to the grand jury, to possess with intent to

distribute and distribute mixtures and substances containing detectable amounts of

methamphetamine and cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Prior Conviction

Before committing the instant offense, ADAM JON DUBORD had a final conviction for a serious drug felony, namely, a conviction in the United States District Court for the District of North Dakota, Case No. 3:06-cr-00124-RRE, by judgment entered on or about February 9, 2007, under 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, for which he served more than 12 months of imprisonment and was released from any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## Drug Quantity

The amounts involved in this conspiracy attributable to the defendants, as a result of their own conduct, and of the conduct of other conspirators reasonably foreseeable to them, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii) and (viii).

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1.     It was a part of said conspiracy that the defendants and others possessed with intent to distribute and did distribute mixtures and substances containing detectable

amounts of methamphetamine and cocaine, Schedule II controlled substances, within the states of North Dakota, Minnesota, Texas, Kansas, Missouri, and elsewhere;

      2.     It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

      3.     It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine and cocaine;

      4.     It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

      5.     It was further a part of said conspiracy that the defendants and others sent and received methamphetamine and cocaine through the United States mail;

      6.     It was further a part of said conspiracy that the defendants and others sent and received payment for and proceeds of methamphetamine and cocaine sales through the United States mail;

      7.     It was further a part of said conspiracy that one or more conspirators used peer-to-peer money transfer services, including but not limited to Cash App and Zelle, to send and receive payment for and proceeds of methamphetamine and cocaine sales;

      8.     It was further a part of said conspiracy that one or more conspirators sent and received money wire transfers that were payment for and proceeds of methamphetamine and cocaine sales;

9.     It was further a part of said conspiracy that one or more conspirators used social media applications, including but not limited to Facebook, to facilitate the distribution of methamphetamine and cocaine;

10.     It was further a part of said conspiracy that the defendants and others used encrypted messaging applications, including but not limited to WhatsApp, to facilitate the distribution of methamphetamine and cocaine;

11.     It was further a part of said conspiracy that one or more conspirators traveled between the states of North Dakota, Minnesota, Texas, Kansas, and Missouri to obtain, transport, and distribute methamphetamine and cocaine;

12.     It was further a part of said conspiracy that one or more conspirators possessed firearms during, in relation to, and in furtherance of the conspiracy;

13.     It was further a part of said conspiracy that one or more conspirators threatened violence and used intimidation to protect their criminal activities;

14.     On or about August 7, 2024, one or more conspirators possessed with intent to distribute approximately 15 kilograms of methamphetamine and 571 grams of cocaine in Lawrence, Kansas;

15.     On or about October 9, 2024, one or more conspirators arranged for shipment through the United States mail of approximately 1,001 grams of cocaine from Houston, Texas, to Fargo, North Dakota, which JESUS FELISIANO SANCHEZ, a/k/a JAY, a/k/a BIG HOMIE, attempted to possess with intent to distribute;

4

16.    On or about March 26, 2025, MARCO ANTONIO HERNANDEZ, a/k/a KEVIN, a/k/a KAOZ HOUSTONE, possessed with intent to distribute approximately 11 kilograms of methamphetamine in Fargo, North Dakota;

17.    On or about October 11, 2024, JESUS FELISIANO SANCHEZ, a/k/a JAY, a/k/a BIG HOMIE, possessed firearms during, in relation to, and in furtherance of the conspiracy in Fargo, North Dakota;

18.    On or about March 26, 2025, MARCO ANTONIO HERNANDEZ, a/k/a KEVIN, a/k/a KAOZ HOUSTONE, possessed firearms during, in relation to, and in furtherance of the conspiracy in Fargo, North Dakota;

19.    MARCO ANTONIO HERNANDEZ, a/k/a KEVIN, a/k/a KAOZ HOUSTONE, arranged for one or more conspirators to import controlled substances into the United States from Mexico;

20.    MARCO ANTONIO HERNANDEZ, a/k/a KEVIN, a/k/a KAOZ HOUSTONE, and JESUS FELISIANO SANCHEZ, a/k/a JAY, a/k/a BIG HOMIE, acted as leaders, organizers, managers, and supervisors in this conspiracy;

In violation of Title 21, United States Code, Section 846, and Pinkerton v. United States, 328 U.S. 640 (1946).

<u>COUNT TWO</u>

**Attempted Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about October 11, 2024, in the District of North Dakota,

JESUS FELISIANO SANCHEZ, a/k/a JAY, a/k/a BIG HOMIE,

did knowingly and intentionally attempt to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT THREE

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about March 26, 2025, in the District of North Dakota,

MARCO ANTONIO HERNANDEZ, a/k/a KEVIN, a/k/a KAOZ HOUSTONE,

did knowingly and intentionally possess with intent to distribute 500 grams or more of a

mixture and substance containing a detectable amount of methamphetamine, a Schedule

II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.

7

<u>COUNT FOUR</u>

**Money Laundering Conspiracy**

The Grand Jury Further Charges:

From in or about January 2024 through the date of this Indictment, in the Districts

of North Dakota, Minnesota, Southern Texas, Kansas, Western Missouri, and elsewhere,

MARCO ANTONIO HERNANDEZ, a/k/a KEVIN, a/k/a KAOZ HOUSTONE; and
JESUS FELISIANO SANCHEZ, a/k/a JAY, a/k/a BIG HOMIE,

did knowingly combine, conspire, confederate, and agree together and with others, both

known and unknown to the grand jury, to knowingly conduct and attempt to conduct

financial transactions affecting interstate commerce that involved the proceeds of

specified unlawful activity, that is, a drug trafficking conspiracy: (1) with intent to

promote the carrying on of that specified unlawful activity, and (2) knowing that the

transactions were designed in whole or in part to conceal and disguise the nature,

location, source, ownership, and control of the proceeds of that specified unlawful

activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i),

1956(a)(1)(B)(i), and 2.

<u>Manner and Means</u>

The manner and means used to accomplish the objectives of this conspiracy

included, among others, the following:

1.      The defendants and others possessed with intent to distribute and did

distribute mixtures and substances containing detectable amounts of methamphetamine

and cocaine, Schedule II controlled substances, within the states of North Dakota, Minnesota, Texas, Kansas, Missouri, and elsewhere;

2.     The defendants and others would and did conduct financial transactions by collecting and transferring United States currency that was payment for and proceeds of methamphetamine and cocaine sales;

3.     The defendants and others would and did conduct financial transactions by using peer-to-peer money transfer services, including but not limited to Cash App and Zelle, to send and receive payment for and proceeds of methamphetamine and cocaine sales;

4.     The defendants and others would and did conduct financial transactions by sending and receiving money wire transfers that were payment for and proceeds of methamphetamine and cocaine sales;

5.     The defendants and others would and did conduct financial transactions by sending and receiving payment for and proceeds of methamphetamine and cocaine sales through the United States mail;

6.     The purpose of these financial transactions was to promote the ongoing drug trafficking conspiracy and to conceal and disguise the nature, location, source, ownership, and control of its proceeds;

In violation of Title 18, United States Code, Section 1956(h).

COUNT FIVE

**Possession of Firearms in Furtherance of Drug Trafficking Crimes**

The Grand Jury Further Charges:

From in or about August 2024 through in or about October 2024, in the District of

North Dakota and elsewhere,

JESUS FELISIANO SANCHEZ, a/k/a JAY, a/k/a BIG HOMIE,

did knowingly possess one or more firearms, namely:

- Stag Arms, Model STAG-15, 5.56 caliber semi-automatic rifle, bearing Serial Number W-0051897;

- Rock Island Armory, Model M1911 A1-FS, .45 caliber pistol, bearing Serial Number RIA1779751;

- Glock, Model 27, .40 caliber pistol, bearing Serial Number MMR036;

- Ruger, Model LCP II, .22 caliber pistol, bearing Serial Number 380745239; and

- Smith & Wesson, Model M&P Shield, 9mm pistol, bearing Serial Number HXL4921,

in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the

United States, that is, the offenses alleged in Counts One and Two of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

<u>COUNT SIX</u>

**Possession of Firearms in Furtherance of Drug Trafficking Crimes**

The Grand Jury Further Charges:

On or about March 26, 2025, in the District of North Dakota,

MARCO ANTONIO HERNANDEZ, a/k/a KEVIN, a/k/a KAOZ HOUSTONE,

did knowingly possess one or more firearms, namely:

- Anderson Manufacturing, Model AM-15, multi-caliber pistol, bearing Serial Number 21398476; and

- Smith & Wesson, Model M&P9, 9mm pistol, bearing Serial Number NFR9045,

in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, that is, the offenses alleged in Counts One and Three of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## FORFEITURE NOTICE

Upon conviction of one or more of the offenses alleged in this Indictment,

MARCO ANTONIO HERNANDEZ, a/k/a KEVIN, a/k/a KAOZ HOUSTONE; and
JESUS FELISIANO SANCHEZ, a/k/a JAY, a/k/a BIG HOMIE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all right, title, and interest in any property involved in the violation of Title 18, United States Code, Section 1956(h), or any property traceable to such property, and shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms involved in the violation(s) of Title 18, United States Code, Section 924(c)(1)(A), and shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the violation(s) of Title 21, United States Code, Sections 841(a)(1) and 846, and any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of said violation(s), including but not limited to:

- Stag Arms, Model STAG-15, 5.56 caliber semi-automatic rifle, bearing Serial Number W-0051897;

- Rock Island Armory, Model M1911 A1-FS, .45 caliber pistol, bearing Serial Number RIA1779751;

- Glock, Model 27, .40 caliber pistol, bearing Serial Number MMR036;

- Ruger, Model LCP II, .22 caliber pistol, bearing Serial Number 380745239;

- Smith & Wesson, Model M&P Shield, 9mm pistol, bearing Serial Number HXL4921;

- Anderson Manufacturing, Model AM-15, multi-caliber pistol, bearing Serial Number 21398476;

- Smith & Wesson, Model M&P9, 9mm pistol, bearing Serial Number NFR9045;

- $2,039 in United States currency seized on or about October 11, 2024, in Fargo, North Dakota;

- $21,533 in United States currency seized on or about March 26, 2025, in Fargo, North Dakota;

- $28,500 in United States currency seized on or about March 27, 2025, in Fargo, North Dakota;

- 682 rounds of assorted ammunition seized on or about October 11, 2024, in Fargo, North Dakota;

- 72 rounds of assorted ammunition seized on or about March 26, 2025, in Fargo, North Dakota;

- Nine assorted caliber firearm magazines seized on or about October 11, 2024, in Fargo, North Dakota; and

- Two assorted caliber firearm magazines seized on or about March 26, 2025, in Fargo, North Dakota.

If any of the forfeitable property as a result of any act or omission of a defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under Title 21,

United States Code, Section 853(p), to seek forfeiture of any property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Jennifer Klemetsrud Puhl
JENNIFER KLEMETSRUD PUHL
Acting United States Attorney

MPK/tmg