Local AO 472 (Rev. 5/19)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
|     Plaintiff, ) | ORDER OF DETENTION PENDING TRIAL |
| ) | |
|     vs. ) | Case No. 3:25-cr-72 |
| Marco Antonio Hernandez, ) | |
|     Defendant. ) | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that the following facts require the detention of the defendant.

## PART I – FINDINGS AND CONCLUSIONS

☑ **Alternative A –** The Court finds:

   ☑ (1) (a) There is probable cause to believe that defendant has committed an offense listed in 18 U.S.C. § 3142(e)(3), **or**

   ☐ (b) Defendant is charged with an offense listed in 18 U.S.C. § 3142(f), and has been convicted of an offense described in 18 U.S.C. § 3142(e)(2); **and**

   ☑ (2) (a) Defendant has not presented sufficient evidence to rebut the presumption above, and detention is ordered on that basis, **or**

   ☐ (b) Defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

☐ **Alternative B –** The Court finds one or more of the following:

   ☐ (1) The Government has proved by preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance.

   ☐ (2) The Government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably ensure the safety of other persons or the community.

   ☐ (3) The Government has proved by a preponderance of the evidence that there is a serious risk that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

☐ **Alternative C –** The Court finds one of the following:

   ☐ (1) Defendant does not contest detention at this time.
   ☐ (2) Defendant is not eligible for release at this time.
   ☐ (3) Defendant shall remain in custody until a residential reentry placement is available.

## PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION

See Attached.

## PART III – DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with court proceedings.

Date: 4/3/2025                   /s/ Alice R. Senechal  _____
                                                             United States Magistrate Judge

## PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION

On April 2, 2025, the court held a hearing on the United States' motion for detention of Marco Antonio Hernandez, who was charged in a criminal complaint with possession of a controlled substance with intent to distribute.

In addition to asserting application of the 18 U.S.C. § 3142(e)(2) presumption of detention, the United States proffered what it described as "overwhelming evidence" against Hernandez. Proffered evidence included a controlled purchase of a quantity of a controlled substance from Hernandez. Proffered evidence also included items seized during a search of an Airbnb bedroom Hernandez occupied at the time of a search: large quantities of various controlled substances, over $20,000 in United States currency, and loaded firearms. Further, the United States proffered evidence Hernandez resisted arrest which led to law enforcement using less lethal weapons, Hernandez destroyed cellphones while resisting arrest, acknowledged he was running from a state court warrant related to alleged violation of probation conditions, and stated controlled substance activity was "never going to stop." During the search, law enforcement seized a receipt for a United States Postal Service Priority Mail package, and after a K-9 alerted to the presence of an odor of a controlled substance this court issued a warrant to search that package. The package was found to contain more than $28,000 in United States currency.

Finally, the United States offered a recording of a phone call Hernandez made while detained, and asserted he relayed evidence in the affidavit supporting the criminal complaint during that phone call, in violation of an order sealing the criminal complaint case. Hernandez was given a copy of the affidavit during a March 28, 2025 initial appearance, and there is no evidence he was made aware of the order sealing the case or that the order might prohibit him from relaying information in the affidavit to others. The court therefore does not consider the United States' position regarding that phone call in reaching a decision on the motion for detention.

Hernandez requested release to reside with his mother in Texas, with location monitoring, asserting he would be able to return to previous construction-related work. As to the weight of evidence, Hernandez alleged other persons occupied the residence that was searched and that the weapons seized during the search were not his.

Having considered all evidence proffered and arguments of counsel, the court finds Hernandez has not presented evidence sufficient to rebut the § 3142(e)(2) presumption.