**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**FARGO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:25cr00072-1 |
| | § | |
| MARCO ANTONIO HERNANDEZ | § | |
| a/k/a Kevin | § | |
| a/k/a Kaoz Houstone | § | |

**DEFENDANT'S SENTENCE MEMO AND REQUEST FOR VARIANCE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, through Counsel, and files this sentencing memorandum and request for a sentence below the applicable Guidelines.

Sentencing in this case is set for November 13, 2026, at 10:00AM.

Defense Counsel herein submits additional information about Mr. Hernandez which he believes would warrant consideration for a variance and imposing a sentence below the applicable Sentencing Guidelines in this case.

Mr. Hernandez was among the earliest of the many defendants in this case to come forward and plead guilty for his actions. He has been in custody since his arrest on March 27, 2025. The PSI reflects that he has not committed any instances of misconduct throughout this period.

Not only has Mr. Hernandez conducted himself in a proper manner in jail, but his early pleas of guilty spared the Government and This Honorable the significant effort and expense of a jury trial.

Also attached is the Mitigation Report prepared by Minnesota Mitigation Services, LLC, of St. Paul, MN, dated July 30, 2026. [**Defendant's Exhibit 1**].

This very-detailed 9-page report provides a thorough discussion of Mr. Hernandez' personal history, medical and mental history, drug abuse and social history, as well as his educational and employment history.

With regards to his lengthy juvenile record, which does not add criminal history points, it reflects that he underwent mental evaluation as part of the juvenile court process and was found to have an IQ of 120, placing his intelligence in the Superior range. This is despite his confirmed history of serious and continuous physical abuse at the hands of his father from the time of his birth, including a head injury at age three years from which he still has scars, and from his mother throughout his early childhood.

In describing the serious head trauma Mr. Hernandez suffered, the report discussed his having been hit on the head by his mother during early childhood, using a flower pot as a weapon, and his having been knocked unconscious and bleeding from an assault in a juvenile facility at the age of 17 years.

As reflected in the PSI, the report comments on Mr. Hernandez' criminal history from childhood through adulthood. The early offenses were primarily fights with his older sister and drug possession. Drug possession and low-level possession with intent to distribute drugs were a common theme through his early 20's and escalated to the very serious drug trafficking offense that he was involved in that is the basis of this case.

The mitigation report concludes with recommendations for continued treatment in the form of drug resistance and rehabilitation, along with whatever period of incarceration is imposed.

Paragraph 63 of the PSI correctly provides that the statutory minimum sentence for the drug offense is ten years, and that the firearm count requires a minimum of 5 years, which must be imposed to run consecutively to the sentence on the drug count.

However, the Mitigation report discusses studies that suggest the maximum benefit of confinement, with regards to rehabilitation and diminished risk of recidivism, is five years. This is in large part because a person generally "ages out" of the high crime years in their 30's for many reasons, including loss of the street contacts that facilitated their criminal activity, their fear of them and their family dying during the period of incarceration, and maturity in a general avoidance of the hardships and dangers associated with a criminal livelihood.

Accordingly, in consideration of the above information and the other material contained within the PSI, Mr. Hernandez very respectfully requests that This Honorable Court grant his request for a downward variance from the applicable sentencing guidelines and that he receive a sentence at or near the mandatory minimum sentence of ten years for the drug offenses, a sentence of no more than ten years for the money laundering offense, all three to run concurrently with each other, and the mandatory minimum of five years for the firearms offense, to run consecutively to the sentences for the other counts.

WHEREFORE, premises considered, the Defendant very respectfully requests that This Honorable Court grant this request for a downward variance in sentencing.

Very respectfully,

*/S/ Guy L. Womack*

Guy L. Womack
Counsel for Defendant
Texas Bar No. 00788928
609 Heights Blvd.
Houston, Texas 77007
Tel: (713) 224-8815
Fax: (713) 224-8812
Guy.Womack@USA.net

CERTIFICATE OF SERVICE

A copy of the foregoing was delivered via email to Government Counsel and the Probation Officer on this 12th day of October, 2026.

*/S/ Guy L. Womack*
Guy L. Womack